UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOLBY D. BEASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-01483-JAR |
| ) | |
| THORNBURGH COMPANIES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jacolby Beasley brings this employment discrimination action against his prior employer, Thornburgh Companies. Now before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*, or without prepayment of fees and costs. ECF No. 3. Upon consideration of the financial information submitted in support of the motion, the Court finds that Plaintiff is unable to pay the filing fee. As such, the motion will be granted, and the fee will be waived. *See* 28 U.S.C. § 1915(a)(1). However, because Plaintiff is now proceeding *in forma pauperis*, his Complaint must be reviewed under 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court will dismiss this case without prejudice for failing to state a claim upon which relief may be granted. Finally, Plaintiff's Motion for Appointment of Counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### Plaintiff's Pleadings

Plaintiff brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, alleging that his prior employer, Thornburgh Companies, discriminated against him on the basis of race, color, and age. ECF No. 1 at 1 & 5. In relation to his age discrimination claim, Plaintiff states that he was born in 2004. *Id.* at 5. Generally, he asserts that the discrimination occurred on February 28, 2023, and included termination, harassment, and terms and conditions of employment that differed from those of

similar employees. *Id.* at 3-4. The essential facts of Plaintiff's claim, in his own words, are as follows:

> I was subjected to different terms and conditions than my white counterparts. I was given an Ipad tablet to carry on the job I worked and my location was available for Respondent to see. I was harassed and asked was I going to steal the tablet. None of my white employees had to be tracked with their tablet. I worked hard for Respondent and was terminated because I was allegedly in subordinance because I told Mr. McGuire that he needed to come help me finish the job. When he refused I walked away to finish it by myself to meet the deadline. I was stereotyped as a "pothead" and have been blacklisted and my sister also.

*Id.* at 5. For relief, Plaintiff requests damages. *Id.* at 7.

Plaintiff attached to the Complaint his Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") (ECF No. 1-3) and his Charge of Discrimination (ECF No. 1-4). After stating in his Charge that his claim was based on racial discrimination, Plaintiff alleges the following "Particulars:"

> I was hired by the above named employer [Thornburgh Companies] in or around September 2022. My job title was Acoustical Caulker, earning $19.62 per hour. My immediate supervisor was Jay McGuire.
>
> I was one of very few African Americans working for Respondent. I was subjected to different terms and conditions than my White counterparts. I was given an iPad tablet to carry on the jobs I worked and my location was always available for Respondent to see. I was harassed and asked if I was going to steal the tablet. None of the White employees had to be tracked with their tablet. I worked hard for Respondent and was terminated because I was allegedly insubordinate because I told Mr. McGuire that he needed to come help me finish a job. When he refused, I walked away to go finish it by myself to meet the deadline. I was stereotyped as a "pothead," so now I have been blacklisted from receiving any jobs.
>
> I believe I have been discriminated against because of my race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

ECF No. 1-4 at 1-2.

## Discussion

Title VII makes it unlawful for an employer to discriminate against an individual on the

basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of Title VII discrimination, a plaintiff must show that he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). Based on a careful review and liberal construction of the pleadings, the Court finds that Plaintiff's Complaint fails to meet these requirements. Plaintiff has not adequately alleged facts in support of his claims to withstand review under 28 U.S.C. § 1915(e)(2). As such, this case will be dismissed for failure to state a claim upon which relief may be granted.

## I.   Age Discrimination Claim Fails

Plaintiff brings this employment discrimination case under Title VII, alleging discrimination on the basis of race, color, and age. ECF No. 1 at 1 & 5. However, Plaintiff provides no support for a claim of age discrimination, as his factual allegations make no mention of any disparate treatment based on his age. Furthermore, according to the Complaint, Plaintiff was born in 2004, making him approximately nineteen (19) years old when the alleged discrimination occurred in February 2023. *Id.* at 3 & 5.

Title VII does not provide protection from age discrimination. *See* 42 U.S.C. § 2000e-2(a)(1) (providing protection from discrimination on the basis of race, color, religion, sex, or national origin). As such, Plaintiff's request for relief from age discrimination under Title VII fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To the extent Plaintiff intended to also bring his Complaint for relief under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, but he just failed

4

to check the corresponding line on his Complaint (*see* ECF No. 1 at 1), this claim would also fail. The ADEA makes it "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). However, only persons aged forty (40) and over are protected by the ADEA. 29 U.S.C. § 631(a). Because Plaintiff was only around nineteen (19) years old at the time of the alleged discrimination, any possible claim for age discrimination under the ADEA would also fail.[1]

## II.    Race and Color Discrimination Claims Fail

Plaintiff is African American. ECF No. 1-4 at 2. He alleges Title VII racial discrimination against his former employer, defendant Thornburgh Companies, in relation to claims of harassment, termination, and different terms and conditions of employment. ECF No. 1 at 4.

### a. Different Terms and Conditions of Employment Claim

Plaintiff alleges that he was subjected to different terms and conditions of employment than his "white counterparts." ECF No. 1 at 5. He states that he was given an iPad to carry with him while he was working. Through the location services on the iPad, Plaintiff's location was "available" for defendant to see. *Id.* According to Plaintiff, none of his white co-workers "had to be tracked with their tablet." *Id.*; see also ECF No. 1-4 at 1.

Based on these allegations, Plaintiff's white co-workers also had iPads that they carried with them as they worked. However, according to Plaintiff, these white co-workers did not have to be tracked. It is unclear what Plaintiff means by this statement. He does not allege that his

---

[1] In addition to the reasons stated herein for why Plaintiff's age discrimination claim fails, it appears that this claim would also fail because it was not exhausted. Plaintiff's Charge of Discrimination only alleges racial discrimination and does not mention age discrimination. *See* ECF No. 1-4. Plaintiff must exhaust all claims with the EEOC before bringing them to this Court. *See Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (discussing how a court will liberally construe an administrative charge but will not invent a claim that "simply was not made.").

5

white co-workers were not required to carry iPads with them, that their iPads did not have location tracking services, or that their locations were not also "available." The Court assumes that Plaintiff means that he was tracked because of his race, while his white co-workers were not tracked. Assuming these conclusory allegations are true, and Plaintiff was treated differently than similarly situated white employees, there is still no evidence that Plaintiff suffered an adverse employment action as a result of this different treatment. *See Jackman*, 728 F.3d at 804 (stating that one of the requirements of a prima facie case of Title VII discrimination is that a plaintiff show that he suffered an adverse employment action). Plaintiff does not allege that defendant Thornburgh Companies took any action against him that resulted from his location being available. Because Plaintiff fails to assert any adverse employment action related to this iPad tracking, these allegations fail to state a claim of Title VII discrimination and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### b. Harassment Claim

To state a claim of Title VII harassment, a plaintiff must allege that: (1) he is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a casual nexus or connection between the harassment and his membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment. *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted).

In this case, Plaintiff simply alleges that he "was harassed and asked if [he] was going to steal the tablet" that he was given to take with him on all jobs. ECF Nos. 1 at 5 & 1-4 at 1. Plaintiff has satisfied the first two requirements of a Title VII harassment claim—he has alleged that he is a member of a protected group and that he experienced unwelcome harassment. However, Plaintiff never states whether his white co-workers were asked the same question or harassed about the

potential loss of their tablets. Even if the Court were to assume that they were not, and therefore, a casual nexus or connection existed between Plaintiff's race and this harassment, Plaintiff has still not provided any evidence to support the fourth requirement of a Title VII harassment claim—he does not allege that this harassment affected any term, condition, or privilege of his employment.

According to the Eighth Circuit, only harassment that is "severe or pervasive is 'deemed to affect a term, condition, or privilege of employment.'" *Watson*, 619 F.3d at 942 (quoting *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005)). This "demanding" standard is not met with mere allegations of "[s]imple teasing, offhand comments, and isolated incidents." *Id.* (alteration in original) (quoting *Arraleh v. Cnty. of Ramsey*, 461 F.3d 967, 979 (8th Cir. 2006)).

Plaintiff here does not state that the comments about potential theft of his tablet had any effect on his employment at all. He describes the comments more like teasing, offhand comments. He does not state who made the comments or how often, but nothing indicates that the comments were severe or pervasive. Based on the facts pleaded, Plaintiff's Complaint fails to state a claim of Title VII harassment and therefore this claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### c. Termination Claim

Plaintiff also asserts that he "was terminated because [he] was allegedly insubordinate." ECF No. 1-4 at 1. Apparently, Plaintiff told his supervisor "that he needed to come help [Plaintiff] finish a job" and when the supervisor refused, Plaintiff "walked away to go finish it" himself. *Id.* Based on these allegations, Plaintiff's termination had nothing to do with his race or color. Plaintiff admits that he attempted to instruct his supervisor on what he should be doing and then walked away from him when the supervisor did not comply. There is no evidence that Plaintiff's termination from employment with defendant Thornburgh Companies was related to his race at all. As a result, Plaintiff's claim that his termination was due to racial discrimination fails to state

7

a claim upon which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Plaintiff's request to proceed *in forma pauperis* in this matter is granted and the filing fee is waived. However, Plaintiff's Complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B). Therefore, this case will be dismissed for failure to state a claim upon which relief may be granted. Finally, because this case is being dismissed, Plaintiff's Motion for Appointment of Counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to defendant Thornburgh Companies because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant Thornburgh Companies are **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel [ECF No. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Finally, Plaintiff also alleges that he was stereotyped as a "pothead" and blacklisted. ECF No. 1 at 5. As this claim does not relate to being a member of any of Title VII protected group based on race, color, religion, sex, or national origin, it also fails to state a claim for relief. *See* 42 U.S.C. § 2000e-2(a)(1).